ALBANY,
Feb. 1826.

*Ex parte* METZLER, assignee of P. H. Wendover, Sheriff, &c.

THE case will appear from the following opinion of IR-VING, first Judge of the C. P. of the city and county of New-York :

### COMMON PLEAS.

| *Lewis Voss and Hiram Pierce,* ads. *John W. Metzler, assignee, of P. H. Wendover, sheriff, &c.* | THE SAME ads. THE SAME |
|---|---|

These are actions commenced on the bail bonds ; and the present application is, to set aside all proceedings in these suits. The application is founded on several depositions taken in the original suits. These depositions were submitted to me in vacation, and I thought them sufficient to order a stay of proceedings in the bail bond suits. Copies were accordingly served on the adverse party, with copies of the orders to stay, entitled in the bail bond suits fully set out, and accompanied with a notice in the bail bond suits of the present application. In the title to this notice, the defendant has omitted to state the character in which the plaintiff sues ; but the parties to the suit are correctly named ; and the body of the notice shows both its applicability and its object. All the questions, therefore, submitted to me relate to suits actually in existence, and which have an immediate connexion with each other. The case, therefore, in 2 Cowen, 509, where the affidavits were entitled in suits that had no existence, is not analogous. Indictments for perjury would lie upon the depositions before me, if they were false.

By these affidavits it appears that Hiram Pierce was bail below. That on the 1st of December, 1825, he became bail above, and therefore complied with the condition of the bond he had entered into with the sheriff. The bond was not forfeited. If the plaintiff was dissatisfied with the bail, he should have ruled the sheriff after excepting to its sufficiency. But it certainly was not competent for him first to except to the bail, thereby declaring it insufficient ;

*On a motion to set aside the proceedings on a bail bond, affidavits made in support of the motion, and entitled in the original cause, attached to an order to stay proceedings entitled in the bail bond suit, with a notice of motion, showing the real object of the application, may be read. Where the bail below became bail above, and the plaintiff excepted ; and then took an assignment of the bond, and commenced an action upon it ; held that the proceeding was irregular, and should be set aside with costs.*

then, immediately thereafter, to take an assignment of the bail bond, thereby admitting it to be sufficient ; and then to commence a suit upon such bond as forfeited. It cannot be correct that a man should be sued for not doing that which he actually did a day or two before, and against the sufficiency of which the party now prosecuting him objected. It appears to me, that if the plaintiff excepts to the bail who was bail below, and afterwards becoming satisfied of his sufficiency, take an assignment of the bail bonds, he ought to apply to the court for leave to withdraw his exception ; but he certainly ought not to put the bond in suit. The having already complied with its conditions, must surely be available to the party sued.

(a) 1 Salk 97. 7 Mod. 62, 117. 1 Tidd. 222, 245, and cases cited there. Rich. Prac. Com. Pleas, 118.

The authorities cited in the margin,(a) if any are necessary, show the above remarks to be correct.

In the original suits between Voss and Metzler, the exceptions taken to the bail, were not abandoned after assignments of the bail bonds had been taken. Suits were prosecuted on these bonds ; the bail entered were required to justify ; the suits on the bail bonds have never yet been discontinued ; and the bail thus prosecuted has been compelled to apply to this court for relief. It is obviously just that he should have it with costs, for being obliged to make this application.

It is therefore ordered, that all the proceedings by the plaintiff in the above bail bond suits, respectively, be set aside ; that the plaintiff pay to the defendants their costs in these suits respectively, and also of the present application for relief ; and for the preparation of the depositions on which the same is founded.

A motion was now made for a mandamus, commanding the Judges of the C. P. of New York to vacate the above rule.

*D. Graham*, for the motion.

*C. C. King*, contra.

*The Court* said the reasoning of Judge Irving was perfectly satisfactory ; and they denied the motion.

Rule accordingly.